

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/18/20

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LORRA MANUEL, Derivatively on Behalf of Nominal Defendant AMC ENTERTAINMENT HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADAM M. ARON, CRAIG R. RAMSEY, CHRIS A. COX, LINCOLN ZHANG, JACK Q. GAO, LLOYD L. HILL, HOWARD W. KOCH, JR., GARY F. LOCKE, KATHLEEN M. PAWLUS, ANTHONY J. SAICH, and MAOJUN ZENG,<br><br>Defendants,<br><br>and<br><br>AMC ENTERTAINMENT HOLDINGS, INC.,<br><br>Nominal Defendant. | Case No. 1:20-cv-02456-AJN |

**STIPULATION AND ORDER TO STAY DERIVATIVE ACTION**

WHEREAS, the above-captioned shareholder derivative action (the "Derivative Action") was filed on March 20, 2020 by Plaintiff Lorra Manuel on behalf of Nominal Defendant AMC Entertainment Holdings, Inc. (the "Company") in this Court alleging claims for breaches of fiduciary duty and contribution and indemnification against Defendants Adam M. Aron, Craig R. Ramsey, Chris A. Cox, Lincoln Zhang, Jack Q. Gao, Lloyd L. Hill, Howard W. Koch, Jr., Gary F. Locke, Kathleen M. Pawlus, Anthony J. Saich, and Mao Jun Zeng (collectively, the "Individual Defendants," and together with the Company, "Defendants"), and a claim for rescission of certain employment contract compensation against Defendants Aron and Ramsey;

WHERAS, by Order dated April 23, 2020 and entered on April 27, 2020, the Court scheduled an initial pre-trial conference in the Derivative Action for July 17, 2020;

WHEREAS, there is currently pending in this Court a securities class action related to this Derivative Action filed on January 12, 2018, captioned *Hawaii Structural Ironworkers Pension Trust Fund v. AMC Entertainment Holdings, Inc., et al.*, Case No. 1:18-cv-00299-AJN (the "Securities Class Action");

WHEREAS, there are currently pending in this Court three shareholder derivative actions related to this Derivative Action captioned *Gantulga v. Aron, et al.*, Case No. 1:18-cv-10007-AJN (filed on May 21, 2018) (the "Gantulga Action"), *Kenna v. Aron, et al.*, Case No. 1:19-cv-09148-AJN (filed on October 2, 2019) (the "Kenna Action"), and *Dinkevich v. Aron, et al.*, Case No. 1:20-cv-02870-AJN (S.D.N.Y.) (filed on April 7, 2020) (the "Dinkevich Action" and, together with the Gantulga and Kenna Actions, the "Related Actions");

WHEREAS, this Derivative Action and the Related Actions are all actions purportedly brought on behalf of the Company against the Individual Defendants, seeking a recovery for the Company based on the alleged harm that the Company has and will suffer as a result of the Securities Class Action and, thus, the Related Actions and this Derivative Action arise out of the same facts and circumstances and contain many of the same allegations against the same defendants;

WHEREAS, in light of the similarities between the Related Actions and the earlier-filed Securities Class Action, the Court So Ordered stipulations staying the Gantulga Action on December 17, 2018 and staying the Kenna Action on October 17, 2019 on terms substantially similar to those embodied in this Stipulation and [Proposed] Order to Stay Derivative Action;

WHEREAS, in light of the similarities between this Derivative Action, the Related Actions, and the Securities Class Action, to conserve the parties' and judicial resources and to promote "the just, speedy and inexpensive determination of [this] action," Fed. R. Civ. P. 1, the parties to this Derivative Action (the "Parties" and each, a "Party") agree that all proceedings and deadlines in this Derivative Action, including discovery and Defendants' obligation to move, answer, or otherwise respond to the complaint filed in this action, should be temporarily stayed;

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the undersigned Plaintiff and Defendants, as follows:

1. All proceedings and deadlines in this Derivative Action, including the filing of pleadings, motion practice, and any discovery, shall be temporarily stayed, however, any Party may terminate the stay upon 30-days' notice following a dismissal of the Securities Class Action with prejudice;

2. All Defendants have agreed to waive service pursuant to Fed. R. Civ. P. 4;

3. Defendants shall promptly notify Plaintiff of any related derivative lawsuits or threatened, related derivative lawsuits that they become aware of;

4. Defendants shall promptly notify Plaintiff if any related derivative lawsuit is not stayed for the same duration;

5. Plaintiff may lift the stay upon 30-days' notice to the other Parties in writing if a related derivative lawsuit is not stayed for the same duration or if a related derivative lawsuit is being resolved and the resolution includes a release of Plaintiff's claims;

6. During the pendency of the stay, Defendants shall include Plaintiff in any mediation or formal settlement talks with the plaintiff(s) in the Securities Class Action, any purported plaintiff in any related derivative lawsuit, including the Related Actions, or any purported plaintiff

in any related, threatened derivative lawsuit;

7. Defendants shall promptly provide Plaintiff with copies of any (i) documents produced to plaintiff(s), (ii) discovery requests and responses served, and (iii) transcripts of depositions taken in the Securities Class Action, any related derivative lawsuits, and any related, threatened derivative lawsuits, or to any purported shareholder of the Company in response to a related books and records demand. The provision of any such documents or transcripts will not constitute a waiver of, or in any way limit, Defendants' right to move to dismiss this Derivative Action for failure to adequately plead demand futility or make a pre-suit demand;

8. Prior to the production of any documents or transcripts by Defendants to Plaintiff, the Parties shall enter into a confidentiality agreement and/or a protective order;

9. If the stay of proceedings is lifted, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in this Derivative Action, including the date by which Defendants must move, answer, or otherwise respond to the complaint, and the date and time for a case management conference;

10. All hearings or conferences currently scheduled, including the initial pre-trial conference currently scheduled for July 17, 2020, shall be postponed until the date and time that will be specified in the proposed scheduling order to be submitted by the Parties;

11. Notwithstanding this stay of this Derivative Action, Plaintiff may file an amended complaint during the pendency of the stay, but Defendants shall be under no obligation to respond to any complaint while the stay is in effect; and

12. The Parties respectfully request the Court to enter an Order to this effect.

**IT IS SO ORDERED.**

Dated: May 18, 2020  _____

                                                                       Hon. Alison J. Nathan
                                                                       United States District Judge

5

**STIPULATED TO AND APPROVED BY:**

Dated: May 12, 2020

| | |
|---|---|
| **NEWMAN FERRARA LLP** | **WEIL, GOTSHAL & MANGES LLP** |
| *s/ Jeffrey M. Norton* | *s/ John A. Neuwirth* |
| Jeffrey M. Norton | John A. Neuwirth |
| 1250 Broadway, 27th Floor | Joshua S. Amsel |
| New York, NY 10001 | Matthew S. Connors |
| Phone: (212) 619-5400 | 767 Fifth Avenue |
| Facsimile: (212) 619-3090 | New York, New York 10153 |
| Email: jnorton@nfllp.com | Telephone: (212) 310-8000 |
| | Facsimile: (212) 310-8007 |
| **SCHUBERT JONCKHEER & KOLBE LLP** | Email: john.neuwirth@weil.com |
| | joshua.amsel@weil.com |
| Robert C. Schubert | matthew.connors@weil.com |
| Three Embarcadero Center, Suite 1650 | |
| San Francisco, CA 94111 | *Attorneys for Defendants* |
| Phone: (415) 788-4220 | |
| Facsimile: (415) 788-0161 | |
| Email: rschubert@sjk.law | |

*Attorneys for Plaintiff Lorra Manuel*