# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LORRA MANUEL, Derivatively on Behalf of Nominal Defendant AMC ENTERTAINMENT HOLDINGS, INC.,

Plaintiff,

v.

ADAM M. ARON, CRAIG R. RAMSEY, CHRIS A. COX, LINCOLN ZHANG, JACK Q. GAO, LLOYD L. HILL, HOWARD W. KOCH, JR., GARY F. LOCKE, KATHLEEN M. PAWLUS, ANTHONY J. SAICH, and MAOJUN ZENG,

Defendants,

and

AMC ENTERTAINMENT HOLDINGS, INC.,

Nominal Defendant.

Case No. 1:20-cv-02456-AJN



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   6/25/2020

## STIPULATION AND PROTECTIVE ORDER

It is hereby stipulated and agreed, by and among Plaintiff Lorra Manuel ("Plaintiff"), Defendants Adam M. Aron, Craig R. Ramsey, Chris A. Cox, Lincoln Zhang, Jack Q. Gao, Lloyd L. Hill, Howard W. Koch, Jr., Gary F. Locke, Kathleen M. Pawlus, Anthony J. Saich, and Mao Jun Zeng (collectively, the "Individual Defendants"), and Nominal Defendant AMC Entertainment Holdings, Inc. (the "Company," and together with the Individual Defendants, "Defendants"), subject to the approval of the Court, that this Stipulation and [Proposed] Protective Order (the "Protective Order" or "Order") shall govern the use of Discovery Material (defined below) in the above-captioned action (the "Action").

1

WHEREAS, on May 12, 2020, Plaintiff and Defendants (together, the "Parties," and each individually, a "Party") entered into a Stipulation and [Proposed] Order to Stay Derivative Action (the "Stay Stipulation") (ECF No. 6);

WHEREAS, on May 18, 2020, the Court entered an order temporarily staying this Action pursuant to the terms of the Parties' Stay Stipulation (ECF No. 7);

WHEREAS, the Stay Stipulation provides that "Defendants shall promptly provide Plaintiff with copies of any (i) documents produced to plaintiff(s), (ii) discovery requests and responses served, and (iii) transcripts of depositions taken in the [action captioned *Hawaii Structural Ironworkers Pension Trust Fund v. AMC Entertainment Holdings, Inc., et al.*, Case No. 1:18-cv-00299 (the 'Securities Class Action')], and any related, threatened derivative lawsuits, or to any purported shareholder of the Company in response to a related books and records demand," and that, "[p]rior to the production of any documents or transcripts by Defendants to Plaintiff, the Parties shall enter into a confidentiality agreement and/or a protective order." (ECF No. 7, ¶¶ 7 & 8).

WHEREAS, the parties to the Securities Class Action are currently engaged in discovery; and

WHEREAS, the discovery in the Securities Class Action and any subsequent discovery in this Action involves or may involve the production of information that is not publicly known, including non-public personal information, trade secrets, or other confidential research, development, or commercial information, which is entitled to confidential treatment under the Federal Rules of Civil Procedure (including Rule 26) or other applicable law, regulation, or agreement.

NOW THEREFORE, pursuant to Federal Rules of Civil Procedure 26 and 29, the Parties stipulate and agree to the following Protective Order.

**DEFINITIONS**

1.      "Confidential Discovery Material" means any Discovery Material designated as "Confidential" pursuant to Paragraph 9 of this Protective Order.

2.      "Designating Person" means a Party or non-party that designates discovery material as "Confidential," "Data Protection Confidential," or "Highly Confidential," as provided herein.

3.      "Discovery Material" means any information contained in documents, testimony taken at depositions or hearings and transcripts thereof, deposition exhibits, interrogatory responses, responses to requests for admissions, and any other information or material produced, given, or exchanged in this Action, regardless of the medium or manner generated, stored, or maintained.  For the avoidance of doubt, Discovery Material includes any documents or other forms of discovery that are produced in the Securities Class Action and provided to Plaintiff in this Action.

4.      "Data Protection Discovery Material" means any Discovery Material designated as "Data Protection Confidential" pursuant to Paragraph 10 of this Protective Order.

5.      "Highly Confidential Discovery Material" means any Discovery Material designated as "Highly Confidential" pursuant to Paragraph 11 of this Protective Order.

6.      "Producing Person" means a Party or non-party that produces Discovery Material in this Action.

7.      "Receiving Person" means a Party that receives Discovery Material.

## SCOPE OF PROTECTIVE ORDER

8.      All Discovery Material (including, but not limited to, Confidential Discovery Material, Data Protection Discovery Material, and Highly Confidential Discovery Material) shall be used solely for purposes of the prosecution or defense of this Action and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, for dissemination to the media or the public, or in connection with any other proceeding, whether judicial, governmental, administrative, or arbitral, or contemplated, pending, or final.  The Parties, the attorneys of record for the Parties, and all other persons receiving Discovery Material governed by this Protective Order shall maintain such Discovery Material in a secure manner so as to avoid disclosure of its contents and take reasonable steps to ensure that Discovery Material is (i) used only for the purposes specified herein and (ii) disclosed only to authorized persons, as provided herein.

## CONFIDENTIALITY

**A.      <u>Designation and Maintenance of Discovery Material</u>**

9.      Any Producing Person shall have the right to identify and designate all or any part of Discovery Material as "Confidential" if that Producing Person believes that such Discovery Material contains or reflects information not publicly known, including non-public personal information, financial data, financial analysis, proprietary data, trade secrets, marketing or advertising data or plans, strategic or long range plans or projections, internal cost data or analysis, performance data, product research or development, customer or vendor data, contracts or agreements with third parties, or technological data, which is entitled to confidential treatment under the Federal Rules of Civil Procedure (including Rule 26(c)(1)(G)) or other applicable law, regulation, or agreement.

10.     Any Producing Person shall have the right to identify and designate all or any part of Discovery Material as "Data Protection Confidential" if that Producing Person believes that such Discovery Material contains or reflects information that is subject to U.S. or foreign privacy, data protection, or secrecy laws or regulations, including, but not limited to, the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801 *et seq.* (financial information), and Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) (or any replacement thereof) (European Union personal information).

11.     Any Producing Person shall have the right to identify and designate all or any part of Discovery Material as "Highly Confidential" if that Producing Person believes that such Discovery Material contains or reflects highly sensitive nonpublic commercial, proprietary, financial, business, or personal information.  The following non-exhaustive list sets forth examples of information that may be considered "Highly Confidential":  information related to negotiations with potential customers, investors, partners, or acquirers, disclosure of which would be harmful to present or prospective business plans; confidential material regarding acquisition offers or expressions of interest, proposed transactions, or other business combinations, disclosure of which would be harmful to present or prospective business plans, negotiations, or relationships; trade secrets or other proprietary technical or commercial information; or any nonpublic information that, if disclosed, could damage an existing or potential business relationship.

12.     The designation of physical or electronic documents or data (apart from depositions or other pretrial testimony) as Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material shall be made by placing or affixing on the Discovery Material, in a manner that will not interfere with its legibility, the words "Confidential,"

"Data Protection Confidential," or "Highly Confidential," as appropriate.  In cases where placing or affixing the word "Confidential," "Data Protection Confidential," or "Highly Confidential" on a piece of Discovery Material is impractical or impossible, the Producing Person shall insert a slip sheet reflecting the confidentiality designation appropriate under this Protective Order.

13.     Except for Discovery Material produced for inspection at a Producing Person's facilities, and except for instances in which a Producing Person inadvertently fails to designate Discovery Material as described in Section C, *infra,* the designation of physical or electronic documents or data (apart from depositions or other pretrial testimony) as "Confidential," "Data Protection Confidential," or "Highly Confidential," as appropriate, shall be made prior to, or contemporaneously with, the production or disclosure of that Discovery Material.  In the event that Discovery Material is produced for inspection at a Producing Person's facilities, such Discovery Material may be produced for inspection before being marked "Confidential," "Data Protection Confidential," or "Highly Confidential."   Once Discovery Material has been identified by the Receiving Person for copying, any Discovery Material which the Producing Person wants to designate as "Confidential," "Data Protection Confidential," or "Highly Confidential" will be designated after copying but before delivery to the Receiving Person who inspected the Discovery Material.  There will be no waiver of confidentiality by the inspection of Discovery Material before it is copied and marked "Confidential," "Data Protection Confidential," or "Highly Confidential" pursuant to this procedure.

14.     All information derived from Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, including, but not limited to, extracts, summaries, compilations, and descriptions of such material, and notes, electronic images, or databases containing Confidential Discovery Material, Data Protection Discovery Material, or

Highly Confidential Discovery Material ("Derivative Information") shall be treated as "Confidential," "Data Protection Confidential," or "Highly Confidential," as applicable, in accordance with the provisions of this Order to the same extent as the Discovery Material or information from which such Derivative Information is made or derived.

15.     The Parties agree that the production of Data Protection Discovery Material may require additional safeguards pursuant to U.S. or foreign laws, statutes, regulations, or obligations, including, but not limited to, the redaction of information that requires a designation of Data Protection Confidential pursuant to Paragraph 10 hereof.  Any such redactions shall include the text "Redacted – Data Protection Confidential."

16.     The Parties shall abide by the requirements of this Protective Order with respect to all designated Discovery Material produced during the course of this Action, including with respect to the designations by a non-party.

**B.      Depositions**

17.     For depositions or other pre-trial testimony to be entitled to protection under this Protective Order, a Producing Person must designate testimony and/or exhibits disclosed at a deposition as "Confidential," "Data Protection Confidential," or "Highly Confidential" by advising the court reporter and counsel for the Parties of the testimony and/or exhibits the Producing Person desires to so designate.  For the avoidance of doubt, exhibits disclosed at a deposition that are already designated "Confidential," "Data Protection Confidential," or "Highly Confidential" need not be re-designated as such to retain their designations.

18.     If no such designation is made at the time of the deposition, each Producing Person has fourteen (14) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other Parties and to the court reporter, what portions of the transcript

and which exhibits the Producing Person designates as "Confidential," "Data Protection Confidential," or "Highly Confidential." For purposes of this Protective Order, electronic communications may constitute a writing.

19. Until fourteen (14) days after delivery by the court reporter of the transcript of the deposition session, the transcript and exhibits must be treated as "Highly Confidential" unless each Producing Person consents to a different designation or no designation.

20. Each Party and the court reporter must attach a copy of any final and timely written designation notice to each and every copy of a deposition transcript in its possession, custody, or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.

## C.   Inadvertent Failure to Designate

21. The inadvertent failure to designate Discovery Material as "Confidential," "Data Protection Confidential," or "Highly Confidential" will not be a waiver of a claim that the information is entitled to such treatment, and will not prevent the Producing Person from designating such information as "Confidential," "Data Protection Confidential," or "Highly Confidential" at a later date in writing.

22. The Producing Person may designate Discovery Material as "Confidential," "Data Protection Confidential," or "Highly Confidential" that was not designated when it was produced by: (i) notifying the Receiving Person(s) of such designation in writing; and (ii) with respect to a document, producing a replacement copy of the document (utilizing the same Bates number as on the originally produced version). Upon receiving such notice, the Receiving Person(s) shall thereafter mark and treat the Discovery Material as "Confidential," "Data Protection Confidential," or "Highly Confidential," as applicable, from the date of such supplemental notice forward. In

addition, upon receiving such notice, any person who received the "Confidential," "Data Protection Confidential," or "Highly Confidential" information prior to its designation shall exercise its reasonable, good-faith efforts to:  (i) ensure the return or destruction of such Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, including any Derivative Information, by any person not authorized to receive such Discovery Material under the terms of this Protective Order; (ii) ensure that any Derivative Information derived from such Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material is treated as if it had been Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, as applicable, when originally derived; (iii) ensure that such Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, including any Derivative Information, is not further disclosed except in accordance with the terms of this Order; and (iv) ensure that any such Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, including any Derivative Information, is used solely in accordance with this Order.

**D.**   **Challenges to Designations**

23.   While this Action is stayed, a Receiving Person may not object to any designation made by a Designating Person pursuant to this Protective Order.  Once the stay of this Action has terminated, a Receiving Person may, at any time prior to the conclusion of trial in this Action, submit a written objection to a designation hereunder to a Designating Person.

24.   The Designating Person, within fourteen (14) days after receipt of a written challenge, must advise the Receiving Person whether or not it will change the designation.

25.     If the Receiving Person and Designating Person are unable to reach agreement after the expiration of this fourteen (14)-day period, they shall meet and confer in an attempt to resolve the matter.  If they cannot resolve the issue, the Receiving Person may seek an order to alter the status of the designated Discovery Material.  Upon any such motion, the burden shall be on the Designating Person to show good cause as to why the designation is proper.

26.     While any such motion is pending, the Discovery Material will remain "Confidential," "Data Protection Confidential," or "Highly Confidential" as applicable, and it will continue to be protected by this Protective Order.

### E.     Disclosure and Use of Designated Discovery Material

27.     Without the written consent of the Designating Person or by order of the Court, no Receiving Person shall, directly or indirectly, disclose, summarize, characterize, or describe any Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, in whole or in part, except that disclosure may be made to the following persons, provided that such persons are informed of the terms of this Order:

(a)     the U.S. District Court for the Southern District of New York (the "Court"), the Court's personnel (including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers, and all other personnel necessary to assist the Court in its functions), and the jury;

(b)     in-house counsel managing litigation for the Parties or employees of the Parties who are required in good faith to provide assistance in the conduct of the Action, provided that with regard to Highly Confidential Discovery Material, disclosure shall be limited to in-house counsel managing litigation for the Parties;

(c)     counsel for the Parties in the Action;

(d)     supporting personnel employed by counsel for the Parties in the Action, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; and any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative

exhibit preparation, or the creation of any computer database from documents;

(e)     experts or consultants retained by the Parties for purposes of assisting the Parties and/or their counsel in the preparation and presentation of the claims or defenses in this Action, provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, in whole or in part, shall be designated as "Confidential," "Data Protection Confidential," or "Highly Confidential," as appropriate, by the Party responsible for its creation, and provided further, that such expert or consultant has signed an undertaking in the form attached as Exhibit A hereto;

(f)     in the case of Confidential Discovery Material, the author of any Confidential Discovery Material and/or the person or persons to whom the Confidential Discovery Material was addressed or delivered;

(g)     in the case of Data Protection Discovery Material or Highly Confidential Discovery Material, the author of any Data Protection Discovery Material or Highly Confidential Discovery Material and/or the person or persons to whom the Data Protection Discovery Material or Highly Confidential Discovery Material was addressed or delivered, but only when the identification of such person is apparent from the face of the document or the metadata of the document that has been designated Data Protection Confidential Material or Highly Confidential Discovery Material;

(h)     in the case of Data Protection Discovery Material or Highly Confidential Discovery Material, any fact witness or deponent in this Action and their counsel, to the extent the Data Protection Discovery Material or Highly Confidential Discovery Material disclosed to such person relates to the anticipated or actual subject matter of the witness' or deponent's testimony, and provided that such witness or deponent, and their counsel, if applicable, has signed an undertaking in the form attached as Exhibit A hereto; and

(i)     in the case of Confidential Discovery Material, any person and their counsel whom a Party's counsel believes in good faith may be a witness or deponent in this Action, to the extent the Confidential Discovery Material disclosed to such person relates to the anticipated subject matter of the potential witness' or deponent's testimony, and provided that such potential witness or deponent, and their counsel, if applicable, has signed an undertaking in the form attached as Exhibit A hereto;

(j)     any mediators or arbitrators, including their necessary staff, engaged by the Parties for settlement purposes in this litigation, provided that such mediator or arbitrator has signed an undertaking in the form attached as Exhibit A hereto.

28.     Confidential Discovery Material, Data Protection Discovery Material, and Highly Confidential Discovery Material may be disclosed to a person who is not already allowed access to such Discovery Material under Paragraph 27 of this Protective Order if counsel for the Designating Person agrees in writing that the material may be disclosed to the person.

29.     If a Receiving Person learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the Receiving Person must immediately:   (i) notify, in writing, the Producing Person of the unauthorized disclosure; (ii) use best efforts to retrieve all copies of the Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, as applicable; (iii) inform the person or persons to whom unauthorized disclosure was made of the terms of this Order; and (iv) request that such person or persons execute the undertaking in the form attached as Exhibit A hereto.

30.     Nothing in this Protective Order shall be construed to limit any Producing Person's use or disclosure of its own Discovery Material designated hereunder as "Confidential," "Data Protection Confidential," or "Highly Confidential."   In addition, nothing in this Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any document or information that is in the public domain or that the Receiving Person has otherwise obtained from sources independent of the Producing Person without violation of this Order.

**F.      Non-Party Information**

31.     The existence of this Order must be disclosed to all Producing Persons, including non-parties in the Action.   Any non-party who executes an undertaking in the form attached as Exhibit A will be bound by this Order, including all of its protections and obligations.

G.     **Filing Designated Discovery Material**

32.     Without written permission of the Designating Person, no Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material shall be filed publicly.   A Party that seeks to file Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material under seal must comply with Rule 4.B of the Court's Individual Practices in Civil Cases.

H.     **No Prejudice**

33.     Producing or receiving Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, or otherwise complying with the terms of this Order, will not:  (i) operate as an admission by any Party or non-party that any particular Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material contains or reflects trade secrets or any other type of confidential or proprietary information; (ii) prejudice the rights of any Party or non-party to object to the production of information or material that the Party or non-party does not consider to be within the scope of discovery; (iii) prejudice the rights of any Party or non-party to seek a determination by the presiding judge that particular materials be produced; (iv) prejudice the rights of any Party or non-party to apply to the presiding judge for further protective orders; or (v) prejudice the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order.  For the avoidance of doubt, nothing in this Order or the designation of Discovery Material pursuant to this Order shall be construed as an admission or adjudication of any kind, including, but not limited to, an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, or reasonably calculated to lead to the discovery of admissible evidence.

34.     Nothing in this Protective Order shall require disclosure of information that counsel for any Party contends is protected from disclosure by attorney-client privilege, the work product doctrine, or any other applicable immunity or privilege, nor shall this Order be construed to require disclosure in instances where such disclosure would breach an agreement with another Party or non-party, or violate a court Order to maintain such information in confidence.

**I.      Inadvertent Production Of Discovery Material Subject To Privilege Claims**

35.     If Discovery Material subject to a claim of attorney-client privilege, the work product doctrine, or any other protection from discovery is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, the work product doctrine, or any other applicable discovery protection to which the Producing Person would otherwise be entitled.  A Producing Person may notify the Receiving Person(s) of its claim of inadvertent production at any time.

36.     While this action is stayed, if a Producing Person informs the Receiving Person(s) in writing that the Producing Person has inadvertently produced privileged Discovery Material, the Receiving Person(s) shall not use such Discovery Material for any purpose, and the Receiving Person(s) shall have seven (7) days to return the Discovery Material and all copies thereof to the Producing Person and destroy all records of the contents of such Discovery Material (including any Derivative Information).

37.     Once the stay of this Action has terminated, if a Producing Person informs the Receiving Person(s) in writing that the Producing Person has inadvertently produced privileged Discovery Material, the Receiving Person(s) shall not use such Discovery Material for any purpose and the Receiving Person(s) shall have fourteen (14) days to:  (i) return the Discovery Material and all copies thereof to the Producing Person and destroy all records of the contents of such

Discovery Material (including any Derivative Information); or (ii) notify the Producing Person in writing of an objection to the claim of privilege, along with the grounds for the objection, and/or an assertion that any privilege has been waived.  If the Receiving Person takes no action within fourteen (14) days of the Producing Person informing the Receiving Person in writing that the Producing Person has inadvertently produced privileged Discovery Material, the Receiving Person shall be deemed to have waived any objection to the claim of privilege.  If the Receiving Person objects to the claim of privilege and/or asserts that the privilege has been waived, the Producing Person shall meet and confer with the Receiving Person in a good faith effort to resolve the disagreement.  If the Receiving Person and the Producing Person are unable to resolve their dispute within fourteen (14) days after they meet and confer, the Receiving Person shall provide to the Producing Person written notice of the dispute, which shall memorialize the attempt to resolve the dispute. Either Party may move for an order on the status of the Discovery Material within fourteen (14) days after the Receiving Person provides the Producing Person written notice of the dispute. If the Receiving Person takes no action within fourteen (14) days after providing the Producing Person with written notice of the dispute, the Receiving Person shall be deemed to have waived any objection to the claim of privilege.  Nothing in this Protective Order shall alter or waive the standards and burden applicable to any motion concerning privilege or waiver of privilege.  During the pendency of such a motion, each Receiving Person may retain the disputed Discovery Material (including any Derivative Information) and all copies thereof, but shall make no further use of it other than is necessary in connection with the proceedings on the motion.  Any copy of such Discovery Material submitted to the Court in connection with the motion shall be filed under seal in accordance with the terms of this Order.

38.     Upon a determination by the Court that the Discovery Material is privileged, protected work product, or otherwise protected from disclosure, the Receiving Person(s) shall return the Discovery Material and all copies thereof to the Producing Person and destroy all records of the contents of such Discovery Material (including any Derivative Information).  With respect to deposition testimony that the Producing Person claims and/or the Court determines is privileged, protected work product, or otherwise protected from disclosure, the Producing Person shall provide to the Receiving Person(s) a redacted copy of such deposition transcript.

**J.      Duplicate Discovery Material**

39.     In the event a Producing Person produces two or more identical copies of Discovery Material and any copy is designated "Confidential," "Data Protection Confidential," or "Highly Confidential," while other copies are not so designated, all such identical Discovery Material shall be treated as designated whichever of the conflicting designations affords the greatest protection (*i.e.*, either Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, as applicable), but only to the extent a Receiving Person becomes aware that such identical documents are designated differently.  Any Receiving Person identifying such inconsistent designations shall notify the Producing Person and all other Receiving Person(s) of the existence and Bates numbers or other identifying information of the non-designated or not properly designated copies.  The Producing Person shall then promptly inform the Receiving Person(s) as to whether the documents are to be treated as "Confidential," "Data Protection Confidential," or "Highly Confidential" and shall undertake to reproduce the document(s) at issue with the appropriate designation.

**K.**     **Termination Of The Action**

40.     Within ninety (90) days after final judgment in this Action, including the exhaustion of all appeals, or within ninety (90) days after dismissal pursuant to a settlement agreement becomes final and not subject to any further appeal, each Receiving Person, upon request of the Producing Person in writing, is under an obligation to return to the Producing Person, or undertake reasonable efforts to destroy, all Confidential Discovery Material, Data Protection Discovery Material, and Highly Confidential Discovery Material, and to certify to the Producing Person that this destruction or return has been completed.  However, outside counsel for any Party is entitled to retain all Court papers, trial transcripts, exhibits, and attorney work product, provided that any such materials containing Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material are maintained and protected in accordance with the terms of this Order.

**L.**     **Subpoenas For Production Of Designated Discovery Material**

41.     In the event a Receiving Person (or its counsel) is served with a subpoena for the production of any Discovery Material covered by this Protective Order, the Receiving Person shall, within two (2) business days of the receipt of the subpoena, provide a copy of the subpoena to the Designating Person, who shall be responsible to object to the subpoena and defend any action to enforce the subpoena.  Furthermore, the Receiving Person (or its counsel) shall not disclose any Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material subject to the subpoena prior to the later of the conclusion of the deadline for complying with the subpoena or the time in which the relevant court rules on any motion objecting to the subpoena filed by the Designating Person, except that nothing in this Order shall require a Receiving Person to disobey or contest a court's order or to violate any law or government directive

requiring the production of Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material.

**M.      Amendment**

42.      Nothing in this Order shall interfere with the Court's authority to amend the terms of the Order or to enter such further relief as it determines to be appropriate.

**N.      Remedies**

43.      It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold Parties or other violators of this Protective Order in contempt.   All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

**O.      Miscellaneous**

44.      The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of the Action.

45.      This Order shall become effective as a stipulation among the Parties immediately upon its execution.

46.      This Order may be executed in any number of actual, telecopied, or emailed counterparts, and by each of the Parties on several counterparts, each of which when executed and delivered shall be an original. The executed signature page(s) from each actual, telecopied, or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

**STIPULATED TO AND APPROVED BY:**

Dated: June 17, 2020

**NEWMAN FERRARA LLP**

_____s/ Jeffrey M. Norton_____
Jeffrey M. Norton
1250 Broadway, 27th Floor
New York, NY 10001
Phone:          (212) 619-5400
Facsimile:     (212) 619-3090
Email:          jnorton@nfllp.com

**SCHUBERT JONCKHEER &
KOLBE LLP**
Robert C. Schubert
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
Phone:          (415) 788-4220
Facsimile:     (415) 788-0161
Email:          rschubert@sjk.law

*Attorneys for Plaintiff Lorra Manuel*

**WEIL, GOTSHAL & MANGES LLP**

_____s/ John A. Neuwirth_____
John A. Neuwirth
Joshua S. Amsel
Stefania D. Venezia
Matthew S. Connors
767 Fifth Avenue
New York, New York 10153
Telephone:     (212) 310-8000
Facsimile:     (212) 310-8007
Email:          john.neuwirth@weil.com
                joshua.amsel@weil.com
                stefania.venezia@weil.com
                matthew.connors@weil.com

*Attorneys for Defendants*

**IT IS SO ORDERED.**

Dated:   __June 24, 2020__

_____
Hon. Alison J. Nathan
United States District Judge

Nothing in this Order affects the parties' obligation to comply with
Rule 4 of the Court's Individual Practices in Civil Cases governing
redactions and filing under seal, or with any of the Court's other
Individual Practices as relevant.
SO ORDERED.

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LORRA MANUEL, Derivatively on Behalf of Nominal Defendant AMC ENTERTAINMENT HOLDINGS, INC., | Case No. 1:20-cv-02456-AJN |
| Plaintiff, | |
| v. | |
| ADAM M. ARON, CRAIG R. RAMSEY, CHRIS A. COX, LINCOLN ZHANG, JACK Q. GAO, LLOYD L. HILL, HOWARD W. KOCH, JR., GARY F. LOCKE, KATHLEEN M. PAWLUS, ANTHONY J. SAICH, and MAOJUN ZENG, | |
| Defendants, | |
| and | |
| AMC ENTERTAINMENT HOLDINGS, INC., | |
| Nominal Defendant. | |

**CONFIDENTIALITY ATTESTATION**

I, _____, hereby attest to my understanding that Discovery Material may be provided to me pursuant to the terms, conditions, and restrictions of the Stipulation and Protective Order (the "Order") signed by the Parties to the action captioned *Manuel v. Aron, et al.,* Case No. 1:20-cv-02456-AJN.  I have been given a copy of the above Order, have reviewed it and/or discussed its meaning and effect with the attorneys providing me with such information and documents, and I hereby agree to be bound by its terms.

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to sanctions, including, but not limited to, contempt of court.

I submit to the jurisdiction of the U.S. District Court for the Southern District of New York for enforcement of the Order.

I further agree that I shall not disclose to others, except in accordance with the Order, information or documents provided to me pursuant to the Order, and that such information and documents shall be used only for the purpose of the legal proceeding in which the documents were produced.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____          Signature: _____

                                Print Name: _____