USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 10/6/23 _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NARANBOLD GANTULGA, derivatively on behalf of AMC ENTERTAINMENT HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADAM M. ARON, CRAIG R. RAMSEY, CHRIS A. COX, LINCOLN ZHANG, JACK Q. GAO, MAOJUN ZENG, ANTHONY J. SAICH, LLOYD HILL, GARY F. LOCKE, HOWARD W. KOCH, JR., KATHLEEN M. PAWLUS, and DALIAN WANDA GROUP CO., <br><br> Defendants, <br><br> and <br><br> AMC ENTERTAINMENT HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 1:18-cv-10007-ALC |

[additional caption on next page]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JENNIFER KENNA, derivatively on behalf of AMC ENTERTAINMENT HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADAM M. ARON, CRAIG R. RAMSEY, CHRIS A. COX, LINCOLN ZHANG, JACK Q. GAO, MAOJUN ZENG, ANTHONY J. SAICH, LLOYD HILL, GARY F. LOCKE, HOWARD W. KOCH, JR., KATHLEEN M. PAWLUS, and DALIAN WANDA GROUP CO., <br><br> Defendants, <br><br> and <br><br> AMC ENTERTAINMENT HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 1:19-cv-09148-ALC |

[additional caption on next page]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LORRA MANUEL, Derivatively on Behalf of Nominal Defendant AMC ENTERTAINMENT HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADAM M. ARON, CRAIG R. RAMSEY, CHRIS A. COX, LINCOLN ZHANG, JACK Q. GAO, LLOYD L. HILL, HOWARD W. KOCH, JR., GARY F. LOCKE, KATHLEEN M. PAWLUS, ANTHONY J. SAICH, and MAOJUN ZENG, <br><br> Defendants, <br><br> and <br><br> AMC ENTERTAINMENT HOLDINGS, INC., <br><br> Nominal Defendant. | Case No. 1:20-cv-02456-ALC |

[additional caption on next page]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID DINKEVICH and ANN CARTER, derivatively on behalf of AMC ENTERTAINMENT HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ADAM M. ARON, CRAIG R. RAMSEY, CHRIS A. COX, LINCOLN ZHANG, JACK Q. GAO, LLOYD HILL, HOWARD W. KOCH, JR., GARY F. LOCKE, KATHLEEN M. PAWLUS, ANTHONY J. SAICH, and MAOJUN ZENG,<br><br>Defendants,<br><br>and<br><br>AMC ENTERTAINMENT HOLDINGS, INC.,<br><br>Nominal Defendant. | Case No. 1:20-cv-02870-ALC |

## ORDER

WHEREAS, (1) Plaintiff Naranbold Gantulga in the action captioned *Gantulga v. Aron, et al.*, Case No. 1:18-cv-10007-ALC (S.D.N.Y.) (the "*Gantulga* Action"), Plaintiff Jennifer Kenna in the action captioned *Kenna v. Aron, et al.*, Case No. 1:19-cv-09148-ALC (S.D.N.Y.) (the "*Kenna* Action"), Plaintiff Lorra Manuel in the action captioned *Manuel v. Aron, et al.*, Case No. 1:20-cv-02456-ALC (S.D.N.Y.) (the "*Manuel* Action"), Plaintiffs David Dinkevich and Ann Carter in the action captioned *Dinkevich, et al. v. Aron, et al.,* Case No. 1:20-cv-02870-ALC (S.D.N.Y.) (the "*Dinkevich* Action"), and Plaintiff John R. Lyon (together with Plaintiffs Gantulga, Kenna, Manuel, Dinkevich, and Carter, "Plaintiffs") in the action captioned *Lyon v. Aron, et al.*, Case No. 1:21-cv-07940-ALC (S.D.N.Y.) (the "*Lyon* Action," and together with the *Gantulga*, *Kenna*, *Manuel*, and *Dinkevich* Actions, the "Derivative Actions"); (2) Defendants Adam M. Aron, Craig R. Ramsey, Chris A. Cox, Lincoln Zhang, Jack Q. Gao, Maojun Zeng, Anthony J. Saich, Lloyd L. Hill, Gary F. Locke, Howard W. Koch, Jr., Kathleen M. Pawlus, Phillip Lader, Lee E. Wittlinger, and Adam J. Sussman (collectively, the "Individual Defendants"); and (3) Nominal Defendant AMC Entertainment Holdings, Inc. ("AMC" or the "Company," and together with the Individual Defendants, "Defendants" and each a "Defendant," and together with Plaintiffs, the "Parties" and each a "Party") have entered into the Stipulation of Settlement, dated June 14, 2023 (the "Stipulation"), which (i) sets forth the terms and conditions for the settlement and resolution of the Derivative Actions and the litigation demand Plaintiff Lyon made on the AMC Board of Directors (collectively, the "Derivative Matters"), (ii) fully, finally, and forever resolves, discharges, and settles the Released Plaintiff Claims against the Released Defendant Persons, and the Released Defendant Claims against the Released Plaintiff Persons, and (iii) provides for dismissal of the Derivative Actions with prejudice;

WHEREAS, Plaintiffs have made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement and compromise between Plaintiffs and Defendants on the terms and conditions set forth in the Stipulation (the "Settlement"); (ii) approving the form and manner of the notice of the Settlement; and (iii) setting a date for the Settlement Hearing;

WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Derivative Settlement, together with the accompanying Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all of the exhibits attached thereto; and (iii) considered arguments by counsel for the Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for AMC and AMC's stockholders, and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that AMC's stockholders should be apprised of the Settlement through the proposed form and means of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, this __6th__ day of __October__, 2023 as follows:

1. This Court, for purposes of this order adopts the definitions set forth in the Stipulation.

2. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3. A hearing shall be held on <u>December 18</u>, 2023 at <u>11 AM</u> (the "Settlement Hearing"), via telephone for the following purposes:

(a) to determine whether the Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to AMC, and should be approved by the Court;

(b) to determine whether the Order and Final Judgment, substantially in the form attached as Exhibit D to the Stipulation, should be entered dismissing the Derivative Actions with prejudice against Defendants, and fully and finally releasing all Released Claims against the Released Persons;

(c) to determine whether the agreed-to Fee and Expense Award, as well as the Service Awards, should be approved;

(d) to consider any objections to the Settlement and/or the Fee and Expense Award; and

(e) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

4. Within ten (10) calendar days after the entry of this Order, AMC shall: (a) post a copy of the Notice, substantially in the form attached as Exhibit C to the Stipulation, and

the Stipulation and exhibits thereto, on the Company's website, which will remain on the website through the date of the Settlement Hearing; (b) file with the SEC a Current Report on Form 8-K briefly describing the Settlement and stating where AMC stockholders can locate the Stipulation and the Notice on AMC's website; and (c) issue the Notice via press release on *Business Wire*.

5. AMC shall undertake the administrative responsibility for providing the Notice to its stockholders, and will pay all costs, fees, and expenses related to providing Notice of the Settlement to stockholders (which may be reimbursed by AMC's directors' and officers' insurance carriers).

6. No later than twenty (20) calendar days following entry of this Order, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to the provision of the Notice in the manner specified in Paragraph 4 of this Order.

7. The Court approves as to form and content, the Notice in the form attached as Exhibit C to the Stipulation. The Court finds that the form, substance, and dissemination of information regarding the Settlement in the manner set out in this Order: (a) constitutes notice that is reasonably calculated, under the circumstances, to apprise AMC stockholders of the pendency of the Derivative Matters, of the effect of the Settlement (including the releases to be provided thereunder), of Plaintiffs' Counsel's Fee and Expense Award, of their right to object to the Settlement and/or the Fee and Expense Award, and of their right to appear at the Settlement Hearing; (b) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (c) satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules. The date and time of the Settlement Hearing shall be included in the Notice before it is posted.

8.     Any AMC stockholder who or which continues to hold AMC shares as of the date of the Settlement Hearing may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, why the Order and Final Judgment should not be entered, or why the Fee and Expense Award or the Service Awards should not be awarded.  However, unless otherwise directed by the Court for good cause shown, no AMC stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Order and Final Judgment to be entered thereon, unless that AMC stockholder has caused to be filed, and served on counsel listed in Paragraph 9, written objections stating all supporting bases and reasons for the objection, and setting forth proof, including documentary evidence, of current ownership of AMC stock and ownership of AMC stock as of  June 14, 2023, the date the Stipulation was executed.

9.     Any AMC stockholder who desires to be heard at the Settlement Hearing or to contest the approval of the terms and conditions of the Settlement, the Stipulation, the Order and Final Judgment, the Fee and Expense Award, and/or the Service Awards must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the Southern District of New York, 40 Foley Square, New York, New York 10007, and serve such materials (either by hand delivery or by first class mail) on each of the following counsel at the addresses set forth below, such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing, set for ___December 18___, 2023:

| THE BROWN LAW FIRM, P.C. | SCHUBERT JONCKHEER & KOLBE LLP |
|---|---|
| Timothy Brown | Willem F. Jonckheer |
| 767 Third Avenue, Suite 2501 | 2001 Union Street, Suite 200 |
| New York, NY 10017 | San Francisco, CA 94123 |
| Tel: (516) 922-5427 | Tel: (415) 788-4220 |
| Fax: (516) 344-6204 | Fax: (415) 788-0161 |
| Email: tbrown@thebrownlawfirm.net | Email: wjonckheer@sjk.law |

| *Counsel for Plaintiff Naranbold Gantulga* | *Counsel for Plaintiff Lorra Manuel* |
|---|---|
| THE ROSEN LAW FIRM, P.A.<br>Phillip Kim<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Tel.: (212) 686-1060<br>Fax: (212) 202-3827<br>Email: pkim@rosenlegal.com | SHUMAN, GLENN & STECKER<br>Brett D. Stecker<br>326 W. Lancaster Avenue<br>Ardmore, PA 19003<br>Tel.: (303) 861-3003<br>Fax: (303) 536-7849<br>Email: brett@shumanlawfirm.com |
| *Counsel for Plaintiffs Jennifer Kenna and Naranbold Gantulga* | *Counsel for Plaintiff David Dinkevich and Ann Carter* |

KAHN SWICK & FOTI, LLC
Melinda Nicholson
1100 Poydras Street – Suite 960
New Orleans, LA 70163
Tel.: (504) 455-1400
Fax: (504) 455-1498-
Email: Melinda.Nicholson@ksfcounsel.com

*Counsel for Plaintiff John R. Lyon III*

Within twenty-four (24) hours of receiving any objection, Plaintiffs' Counsel will forward it on to Defendants' Counsel.

10. Any objections, filings, and other submissions must: (a) state the name, address, and telephone number of the objector, and, if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (b) be signed by the objector; (c) state that the objection is being filed with respect to the Derivative Matters; (d) set forth a specific, written statement of the objection(s), the nature of the objection(s), and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention; (e) provide proof of ownership of AMC common stock as of June 14, 2023, including the number of shares of AMC common stock held and the date of purchase or acquisition, and contain a statement that the objector continues to hold shares of AMC common stock as of the date

of the filing of any such objection and will continue to hold shares of AMC common stock as of the date of the Settlement Hearing; and (f) provide any and all documentation or evidence in support of such objection.  In addition, if intending to appear, and requesting to be heard, at the Settlement Hearing, he, she, or it must, in addition to the requirements above, file with the Clerk of the Court and serve (either by hand delivery or by first class mail) upon the above listed counsel a written notice of his, her, or its intention to appear at the Settlement Hearing, identifying therein any witnesses he, she, or it intends to call at the Settlement Hearing and a statement as to the subjects of their testimony, and any and all evidence that he, she, or it intends to present at the Settlement Hearing.

11.     Unless the Court orders otherwise, any person or entity who or which does not make his, her, or its objection in the manner provided herein shall:  (a) be deemed to have waived and forfeited his, her, or its right to object to any aspect of the Settlement, the Stipulation, the Order and Final Judgment, the Fee and Expense Award, or the Service Awards; (b) be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Stipulation, the Order and Final Judgment to be entered approving the Settlement, the Fee and Expense Award, or the Service Awards; and (c) be deemed to have waived and be forever barred and foreclosed from being heard, in this or any other suit, action, or proceeding (including, without limitation, any right of appeal), with respect to any matters concerning the Settlement, the Stipulation, the Order and Final Judgment, the Fee and Expense Award, or the Service Awards.

12.     Until otherwise ordered, all proceedings in the Derivative Actions are stayed in their entirety, except those related to the Settlement.  Pending a final determination as to whether the Settlement should be approved:  (a)  AMC, the Released Plaintiff Persons (individually and

derivatively on behalf of AMC), and each and every stockholder of AMC shall be barred and enjoined from commencing, asserting, instituting, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, involving any of the Released Plaintiff Claims against any of the Released Defendant Persons; and (b) AMC and the Released Defendant Persons shall be barred and enjoined from commencing, asserting, instituting, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, involving any of the Released Defendant Claims against any of the Released Plaintiff Persons.

13. Neither this Order, the Stipulation, nor the fact or any terms of the Settlement, nor any negotiations or proceedings in connection therewith is or shall be deemed to be evidence of, or a presumption, admission, or concession by any Party or any Released Person of any fault, liability, or wrongdoing whatsoever, concerning the Derivative Matters or the facts and circumstances giving rise to the Derivative Matters.  This Order is not a finding or evidence of the validity or invalidity of any claims or defenses in the Derivative Matters or any other actions or proceedings, or of any wrongdoing by any Defendant or of any damages or injury to Plaintiff, AMC, or any AMC stockholder.  Neither this Order, the Stipulation, nor the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, proof, or admission by any of the Released Persons or with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted in the Derivative Actions or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the

8

Derivative Actions or in any other litigation, or of any liability, negligence, fault, injury, acts, omissions, or other wrongdoing of any kind by any of the Released Persons, or in any way referred to for any other reason as against any of the Released Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate or enforce the Settlement; (b) shall be offered against any of the Released Persons as evidence of, or construed as, or deemed to be evidence of any presumption, concession, proof, or admission by any of the Released Persons that any of their claims or defenses are without merit, or that damage recoverable in the Derivative Matters would not have exceeded the Settlement consideration, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason against any of the Released Persons, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate or enforce the Settlement; nor (c) shall otherwise be admissible, referred to, or used in any proceeding of any nature, for any purpose whatsoever; provided, however, that this Order, the Stipulation, and/or the Order and Final Judgment may be introduced in any proceeding, whether in this Court or otherwise, as may be necessary to argue that this Order, the Stipulation, and/or the Order and Final Judgment has *res judicata*, collateral estoppel, or other issue or claim preclusion effect, or to otherwise enforce the Stipulation and/or the Order and Final Judgment.

14. If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur: (a) this Order shall be vacated, rendered null and void, and be of no further force and effect (except as otherwise provided in the Stipulation); (b) the rights of Plaintiffs, Defendants, AMC, and its stockholders, the Parties shall each revert to their respective positions in the Derivative Matters as of the date of the Stipulation, and the Parties shall proceed in all respects as if the Stipulation had not been entered into; (c) all

of the Parties' respective claims and defenses as to any issue in the Derivative Matters shall be preserved without prejudice in any way; (d) statements made in connection with the Mediation and negotiation of the Settlement and the Stipulation shall be without prejudice in any way to the positions of the Parties with respect to the Derivative Matters, shall not be deemed or construed to be an admission of fact or wrongdoing by any Party of any act, matter, or proposition, shall not entitle any Party to recover any fees, costs, or expenses incurred in connection with the Derivative Matters, and shall not be used in any manner for any purpose in any subsequent proceeding in the Derivative Matters or any other action or proceeding; and (e) neither the existence of the Settlement or the Stipulation, nor any settlement communications, shall be admissible as evidence or shall be referred to for any purpose in the Derivative Matters, or in any other suit, action, or proceeding.

15. Plaintiffs shall file their motion for final approval of the Settlement at least twenty-eight (28) calendar days prior to the Settlement Hearing. If there is any objection to the Settlement, Plaintiffs shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

16. If the Settlement is approved by the Court following the Settlement Hearing, the Parties will request that the Court enter the Order and Final Judgment, substantially in the form attached as Exhibit D to the Stipulation. The effectiveness of the Order and Final Judgment shall not be conditioned upon the approval by the Court of the Fee and Expense Award or the Service Awards, either at all or in any particular amount.

17. This Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to stockholders.

18.     The Court reserves the right to adjourn and reconvene the Settlement Hearing or any adjournment thereof, including the consideration of the Fee and Expense Award, as well as the Service Awards, without further notice of any kind other than oral announcement at the Settlement Hearing or any adjournment thereof.  The Court further reserves the right to hold the Settlement Hearing telephonically or by videoconference without further notice to AMC stockholders.  Any AMC stockholder (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or AMC's website for any change in date, time, or format of the Settlement Hearing.  The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to AMC's stockholders.  The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

The Court will hold a telephonic Settlement Hearing on **December 18, 2023 at 11 AM** Eastern Time. All Parties shall appear and should contact the Court at **1-888-363-4749 (access code: 3768660).**

SO ORDERED: *[signature]*

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

**Dated: October 6, 2023**